UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RIPPLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET. AL.,<br><br>　　　　Defendant. | Case No.  1:22-cv-01102-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND REQUEST FOR PRIVATE INVESTIGATOR OR EXPERT WITNESS<br><br>(Doc. No.  6) |

　　　　Pending before the Court is Plaintiff's motion "for appointment of counsel, and request funding for private investigator and expert witnesses" filed on October 18, 2022.  (Doc. No. 6). Plaintiff Lorraine Ripple, who is confined within the California Department of Corrections and Rehabilitation ("CDCR") at the Central California Women's Facility, initiated this action as a prisoner proceeding pro se by filing a prisoner civil rights complaint under 42 U.S.C. § 1983 on August 31, 2022.  (Doc. No. 1).  The Court granted Plaintiff's motion to proceed in forma pauperis.  (Doc. No. 5).  The Court has not yet completed a 28 U.S.C. § 1915A screening on the Complaint.  In summary, the Complaint raises two unrelated claims:  a claim concerning the failure of CDCR to award milestone credits due to the Covid-19 virus; and claim concerning CDCR's policy changes concerning the use of JPay tablets.  (*See generally* Doc. No. 1)(*see also*

Doc. No. 6 at 1-3).

Plaintiff seeks appointment of counsel, a private investigator, or an expert witness. (Doc. No. 6 at 1). Plaintiff states the claims at issue in this case are complex and impact all inmates held at the Central California Women's Facility at Valley State Prison. (*Id.* at 1). Specific to Plaintiff seeking appointment of counsel, she states she is 73 years old, has medical issues, is confined to wheelchair, and has macular degeneration in both eyes. (*Id.* at 3). Plaintiff states for law library access she is approved one hour a week and permitted to access larger font books and the audio machine. (*Id.* at 3).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met her "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Normal challenges faced by *pro se* litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). Plaintiff has capably filed motions to date. Plaintiff has not established exceptional circumstances warrant

appointment of counsel at this stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that she is able to demonstrate exceptional circumstances, she may renew her motion for appointment at counsel at that time.

Regarding the request for an investigator, the Court does not retain investigators to investigate claims on behalf of any litigant. Regarding Plaintiff's claim for an expert, expert witnesses are persons with "scientific, technical, or other specialized knowledge" who are allowed to testify at trial on mater so their expertise. Fed. R. Evid. 702. Plaintiff does explain why an expert is required in this case and this case remains at the early stages of litigation, and as noted above, the Complaint remains subject to required screening under § 1915A.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel and request for a private investigator and an expert witness (Doc. No. 6) is DENIED.

Dated:    October 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE