UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RIPPLE,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET. AL.,<br><br>   Defendants. | Case No.  1:22-cv-01102-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION[1]<br><br>ORDER TO CLERK OF COURT TO ASSIGN TO A DISTRICT JUDGE<br><br>14-DAY OBJECTION PERIOD<br><br>(Doc. No.  7) |

## I. BACKGROUND AND FACTS

Pending before the Court is Plaintiff's motion for a preliminary injunction filed on October 18, 2022. (Doc. No. 7). For the reasons set forth below, the undersigned recommends the district court deny the motion.

**A. Allegations in Complaint**

Plaintiff Lorraine Ripple, a state prisoner incarcerated in the California Department of Corrections ("CDCR") at the Central California Women's Facility ("CCWF"), initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The Complaint identifies five Defendants: CDCR, Kathleen Allison, the Secretary of CDCR, Howard

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Moseley, Association Director, M.E. Spearman, Associate Director, and Mike Pallares, Warden. Liberally construed, the Complaint alleges three unrelated claims for relief. First, Plaintiff complains since 2021 through present, she has been denied access to any self-help programs due to the Covid-19 pandemic. (Doc. No. 1 at 3). These self-help programs, lead to milestones awarded, and go toward early release dates. (*Id.*). In her second claim, Plaintiff complains that CDCR is implementing policy changes regarding J-Pay tablets wherein inmates cannot transfer downloaded material from the J-Pay tablet to the new Via Path tablet. (*Id.* at 4). Under the policy, J-Pay tablets will be deemed "contraband." (Id.). Liberally construed, Plaintiff argues the policy violates her Fifth Amendment Due Process rights. Finally, Plaintiff appears to allege an Equal Protection Claim in her third claim on the basis that all male prisoners within CDCR are provided with cable in their cells for CDCR announcement and weekly movie rentals. (*Id.* at 6).

**B. Preliminary Injunction Motion**

Plaintiff's motion for a preliminary injunction consists of one sentence. (Doc. No. 7). Plaintiff requests an injunction directed at correctional officials "barring confiscation" of J-Pay Tablets "personally purchased by inmates" until the Court issues an order in this case or the California Superior Court issues a decision in case no. 34-2021-80003594. Thus, the injunctive relief Plaintiff seeks is directed only at her second claim in her Complaint.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. A preliminary injunctive requires "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order may be issued "without notice" only if "specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating, "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders and preliminary injunctions are governed by the same standard, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D.

Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  Local Rule 231(a)-(b) (E.D. Cal. 2019).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  Both preliminary injunctions and temporary restraining orders require briefs on the relevant issues, affidavits, and proposed order for a bond.  L.R. 230.

Because a temporary restraining order or preliminary injunction is "an extraordinary remedy," it may be issued only if the moving party establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The moving party bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if the moving party merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.  The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief.  *Id.* at 636.

3

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

### III. DISCUSSION

Based on the foregoing, the undersigned finds Plaintiff's motion facially deficient and otherwise lacking merit to warrant issuance of injunctive relief. At the outset, although Plaintiff moves for a preliminary injunction, she does not certify that notice was given to Defendants. Nor, to the extent she seeks a temporary restraining order, does she certify in writing the efforts, if any, which he made to give notice and reasons supporting why notice should not be required. Fed. R. Civ. P. 65(b). Further, Plaintiff fails to address any of the four factors necessary to warrant an issuance of a preliminary injunction or temporary restraining order.

Nonetheless, in applying the four factors, significant here is Plaintiff's inability to show

that she is likely to suffer irreparable harm or is likely to prevail on the merits of her claim for relief concerning the J-Pay tablets.  Although Plaintiff wants to retain her J-Pay tablet or be financially compensated for the tablet, she has not demonstrated any irreparable harm if the Court does grant her injunctive relief.  (*See* Doc. No. 1 at 4-5).  "An irreparable harm is one that cannot be redressed by a legal or equitable remedy following trial. *AAA Alarm & Sec. v. A3 Smart Home LP*, 2021 WL 3857417, *8 (D. Ariz. Aug. 30, 2021) (citing *Public Util. Comm'n v. FERC*, 814 F.2d 560, 562 (9th Cir. 1987)).  "Mere financial injury does not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Id*. (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).  There are equitable legal remedies available to Plaintiff if she is successful in litigating her Complaint including adequate compensatory relief.  As a result, Plaintiff will not suffer irreparable harm if her request for a preliminary injunction and temporary restraining order are denied.

Further, Plaintiff is unlikely to prevail on her construed Fifth Amendment claim.  "[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).  California has an adequate post-deprivation remedy, *see* Cal. Gov't Code §§ 810, *et seq.*, so no claim under §1983 exists.

Moreover, Plaintiff's request for a preliminary injunction and temporary restraining order runs afoul of the PLRA.  Plaintiff is requesting the Court restrain correctional officials from seizing J-Pay tablets from *all inmates*.  Such a request is not narrowly drawn but is broad relief the PLRA and courts have eliminated.  *See* 18 U.S.C. § 36265(a)(2); *Villery*, 2016 WL 70326 at *3; *Gilmore*, 220 F.3d 987 at 998-99.

Finally, this Court must have personal jurisdiction over the parties to be enjoined.  The Court may not enjoin Defendants not yet served or before the Court.  *Zepeda*, 753 F.2d 719, 727 (9th Cir. 1983).  Here, the Court has not screened the operative complaint so Defendants have not received service of process.  Thus, the Court lacks personal jurisdiction over the Defendants.

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign a district judge to the case.

1   It is further **RECOMMENDED**:

2   Plaintiff's motion for a preliminary injunction (Doc. No. 7) be DENIED.

3   NOTICE TO PARTIES

4   These findings and recommendations will be submitted to the United States District Judge

5   assigned to the case under the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

6   after being served with these findings and recommendations, a party may file written objections

7   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

8   and Recommendations."  Parties are advised that failure to file objections within the specified

9   time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

10  (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12  Dated:     November 1, 2022

13                                                HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE