UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RIPPLE,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEP'T OF CORR. AND REHABILITAITON, ET. AL.,<br><br>            Defendants. | Case No. 1:22-cv-01102-ADA-HBK (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND REQUEST FOR PRIVATE INVESTIGATOR OR EXPERT WITNESS<br><br>(Doc. No. 16) |

       Plaintiff Lorraine Ripple is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. §1983. Pending before the Court are Plaintiff's objections to the Court's October 28, 2022 Order denying her motion requesting appointment of counsel and a request for a private investigator or expert witness. (Doc. No. 16); (*see also* Doc. Nos. 6, 8).

       While it is difficult to discern Plaintiff's objections, she argues she should be appointed counsel and a private investigator or an expert witness because she has a permanent vision impairment. (Doc. No. 16). Additionally, Plaintiff objects to the Court's order because she may be eligible for resentencing. (*Id*. at 1).

       The Court finds Plaintiff's objections unpersuasive. As stated in the Court's October 28, 2022 Order denying Plaintiff's motion requesting appointment of counsel and a request for a private investigator or expert witness, Plaintiff has not met her burden of demonstrating

exceptional circumstances and the normal challenges faced by pro se litigations do not warrant appointment of counsel.  (Doc. No. 8); *See Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014), *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.").

Furthermore, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Finally, Plaintiff does not cite, and this Court is unaware of any authority that would permit the appointment of counsel and a private investigator or an expert witness because a party may be eligible for resentencing.  The Court also finds this argument unpersuasive.

Accordingly, it is **ORDERED**:

Plaintiff's objections (Doc. No. 16) to the Court's October 28, 2022 Order are OVERRULED.

Dated:     February 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE