UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RIPPLE,<br><br>             Plaintiff,<br><br>       v.<br><br>CDCR, ET AL.,<br><br>             Defendants. | Case No.  1:22-cv-01102-ADA-HBK (PC)<br><br>ORDER GRANTING MOTION TO AMEND<br><br>(Doc. No. 20)<br><br>AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No.  22)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Before the Court is Plaintiff's First Amended Complaint. (Doc. No. 22, "FAC").  Also pending is Plaintiff's Motion to Correct First Amended Complaint, which the Court construes as a Motion to Amend. (Doc. No. 22).  For the reasons set forth below, the undersigned grants the motion to amend, and issues these Amended Findings and Recommendations recommending the district court dismiss the FAC under § 1915A for failure to state a claim.

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

**A. Procedural History**

Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

complaint under 42 U.S.C. § 1983. (Doc. No. 1). The undersigned screened the Complaint, finding it failed to state any cognizable claim. (Doc. No. 11). Plaintiff was granted two extensions of time, (Doc. Nos. 13, 15), until February 27, 2023, to file her first amended complaint. Plaintiff failed to file an amended complaint by the deadline and the undersigned issued a findings and recommendation, recommending the case be dismissed for failure to prosecute and obey court orders. (Doc. No. 19). Plaintiff then filed a Motion to Correct First Amended Complaint, (Doc. No. 20), Objections to the Findings and Recommendations, (Doc. No. 21), which are not addressed in this order, and a First Amended Complaint (Doc. No. 22, "FAC"). The Court grants the construed motion; deems the FAC the operative filing; finds the FAC fails to state claim; and issues these amended findings and recommendation.

**B. Motion to Correct First Amended Complaint**

On March 31, 2023, Plaintiff filed a one-page motion purporting to amend her first amended complaint, which had not yet been filed. The motion reads in full, "Plaintiff is legally blind and unable to proofread any document. Plaintiff believes she errored [sic] in amended complaint. Both issues are in violation of the U.S.C. 8th and 14th Amendments, not 5th Amendment." (Doc. No. 20 at 1). Plaintiff thereafter filed a FAC asserting. (Doc. No. 22). The Court thus grants the construed motion and, despite being untimely, in the interest of justice the Court accepts the FAC as the operative complaint and will screen it under 28 U.S.C. § 1915A.

**C. Summary of Operative Pleading**

The FAC names as Defendants: (1) Jeff Macomber, Director of California Department of Corrections and Rehabilitation ("CDCR"); (2) the Associate Warden for Business Management at Central California Women's Facility ("CCWF"); (3) Howard Moseley, Associate Directors of CDCR Office of Appeals; and (4) "De La Crew," Acting Warden of CCWF. Plaintiff reasserts the same two claims raised in her initial complaint in her FAC.

First, she states that she was not provided cable TV in her cell in "a continuing violation of a written policy of CDCR," after being told it would be installed by December 26, 2021. (*Id*. at 3). Plaintiff asserts this is a violation of the Eighth and Fourteenth Amendments. (*Id*).

Second, Plaintiff states that the "administration has continued to fail to provide a safe and

2

secure environment to CCWF inmates to earn milestone credits." (*Id*. at 4). She states that milestone credit-granting programs were stopped altogether during "lockdown" along with visitation and have not been restored. (*Id*.). She claims this is also a violation of the Eighth and Fourteenth Amendments. (*Id*.).

As relief, Plaintiff asks that her cable TV be installed and that "'milestones' for 2021 and 2022 through early 2023 be 'granted' to all CCWF inmates that meet the criteria." (*Id*. at 5).

## ANALYSIS AND APPLICABLE LAW

### A. Screening Requirement and Rule 8

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules prohibit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. A litigant must file unrelated claims in separate lawsuits.

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

**B. Related Claims and Joinder**

The procedural rules that govern federal civil actions allow a complaint to include all related claims against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against

4

unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, crossclaim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As in Plaintiff's initial Complaint, the FAC attempts to set forth claims for relief stemming from different and unrelated events: (1) the unavailability of self-help programs due to the Covid-19 pandemic impeding the ability of inmates to earn milestone credits for early release; and (2) the failure to provide her access to cable TV.  These claims are unrelated and improperly joined.  Despite the undersigned advising Plaintiff of the rules regarding joinder, (Doc. No. 11 at 4), Plaintiff has failed to cure this deficiency in her FAC.

**C. Milestone Credits**

Under *Preiser v. Rodriquez*, 411 U.S. 475 (1973) the validity of the procedures for depriving prisoners of good-time credits may be considered in a civil rights suit under 42 U.S.C. § 1983. *Id.* at 494; *see also Wolff*, 418 U.S. 539.  Here, Plaintiff does not challenge the process for removing the good time process, but instead challenges her *lack of opportunity to earn* good time credits.  States may under certain circumstances, by adopting prison regulations, create liberty interests which are protected under the due process clause. *Sandin v. Conner*, 515 U.S. 472, (1995). Following *Sandin,* many appellate courts have held that there is no liberty interest, and therefore no due process protection, in the mere opportunity to earn good time credits. *See Abed*

*v. Armstrong,* 209 F.3d 63, 66-67 (2d Cir. 2000) (although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (convicted prisoner with no access to good time credit program because he was incarcerated in county jail had no constitutional interest in the opportunity to earn good time credit); *Luken v. Scott*, 1 F.3d 192, 193 (5th Cir. 1995)(applying *Sandin* and holding that the loss of the opportunity to earn gain time is not a constitutionally protected liberty interest).

California created the Milestone Completion Credit, as well as a schedule that identifies the approved Milestone Completion programs and the corresponding credit reduction for successful completion of each program.  Cal. Code Regs. tit. 15, § 3043.  Under § 3043(b), inmates are provided a "reasonably opportunity" to earn the good time credits, but it must be "consistent with availability of staff, space, and resources, as well as the unique safety and security considerations of each prison."  The undersigned has found no binding authority finding that inmates have a right to earn good time credits in California and no language in the California Regulations provides such a right.  To the contrary, the United States Supreme Court determined there is no federal constitutional right to parole.  *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  In the FAC, Plaintiff repeats virtually the same claims that she brought in her initial Complaint.  (Doc. No. 1 at 3-4; Doc. No. 22 at 4).  As Plaintiff was previously advised in the Court's screening order, (Doc. No. 11 at 5-6), for the reasons set forth above the FAC does not state a claim related to Plaintiff's inability to earn milestone credits.

### D.  No Claim Stated Regarding Cable Television

As Plaintiff was previously advised in the Court's screening order, the inability to have in-cell cable television does not rise to an Eighth Amendment cruel and unusual punishment claim. (*Id*. at 6-7).  To challenge living conditions under the Eighth Amendment, a prisoner must establish "unquestioned and serious deprivations of basic human needs" or the absence of the "minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); accord *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Basic human needs found by the Supreme

1  Court include "food, clothing, shelter, medical care and reasonable safety," *Helling v. McKinney*,
2  509 U.S. 25, 32 (1993), as well as "warmth [and] exercise." *Wilson v. Seiter*, 501 U.S. 294, 298
3  (1991). Access to cable television is not among the basic human needs the courts have found
4  necessary for prison officials to provide. Accordingly, Plaintiff again fails to state a claim based
5  on CCWF's failure to provide her access to cable television.

## CONCLUSION AND RECOMMENDATION

Plaintiff was afforded an opportunity to cure the deficiencies in her Complaint but was unable to do so. The FAC realleges, using very similar language, two of the claims from her initial Complaint that the undersigned previously found were not cognizable. In the prior screening order, the undersigned instructed Plaintiff on the applicable law and pleading requirements. Despite this guidance, Plaintiff largely repeated the same claims the undersigned found were not cognizable. (*See* Doc. No. 22). Thus, the undersigned recommends the district court dismiss the Complaint without further leave to amend because further amendments would be futile. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); s*ee also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend a complaint if amendment would be futile).

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Amend (Doc. No. 20) is GRANTED to the extent the Court deems the First Amended Complaint (Doc. NO. 22) the operative pleading.

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint (Doc. No. 22) be dismissed under § 1915A for failure to state a claim and the action be dismissed.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     May 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE