UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RIPPLE,<br><br>            Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>            Defendants. | No.  1:22-cv-01102-ADA-HBK (PC)<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE DUE TO PLAINTIFF'S FAILURE TO STATE A CLAIM<br><br>(ECF No. 23) |

Plaintiff Lorraine Ripple is proceeding pro se and in forma pauperis with this civil rights complaint filed pursuant to 42 U.S.C. §1983.  (ECF Nos. 1, 5.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 22, 2022, the Magistrate Judge screened Plaintiff's initial complaint and found that it failed to state a cognizable claim.  (ECF No. 11.)  After receiving two extensions of time to respond to the screening order, Plaintiff failed to file a timely first amended complaint.  (See ECF Nos. 13, 15.)  Therefore, on March 27, 2023, the Magistrate Judge issued findings and recommendations, recommending that the court dismiss the complaint due to Plaintiff's failure to prosecute and comply with court orders.  (ECF No. 19.)  On April 6, 2023, Plaintiff filed objections, which the Magistrate Judge construed as a motion to amend.  (*See* ECF No. 21.)  Plaintiff then filed a first amended complaint on April 26, 2023.  (ECF Nos. 22.)  After granting Plaintiff's motion to amend the complaint, the Magistrate Judge screened the first amended

complaint and found that it largely repeated the same deficient claims that Plaintiff alleged in the initial complaint. (ECF No. 23 at 7.) The Magistrate Judge, therefore, issued amended findings and recommendations, recommending that the Court dismiss the first amended complaint without leave to amend. (*Id.*)

On July 11, 2023, Plaintiff filed objections to the amended findings and recommendations, stating that she "agrees in part, objects in part, and requests the right to Amend final complaint." (ECF No. 26 at 1.) In particular, she agrees with the dismissal of her claim based on loss of milestone credits and agrees to dismiss her Eighth Amendment claim regarding CDCR's failure to provide her cable television access. (*Id*. at 2.) She seeks, however, to replead her denial of cable television access claim under the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Equal Protection Clause. (*Id*.)

"A party may amend its pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires." *Id.* 15(a)(2). When determining whether to grant leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Leave to amend generally is inappropriate where the plaintiff has not indicated how she would make the complaint viable, either by submitting a proposed amendment or otherwise indicating what an amended complaint would have contained. *See Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Ascon Properties*, 866 F.2d at 1161 (quoting *Leighton*, 833 F.2d at 186 n. 3) (alteration in original).

Here, the Court concludes that allowing Plaintiff an opportunity to file a second amended complaint would be futile.  Plaintiff seeks to cite to the Fifth and Fourteenth Amendments instead of the Eighth Amendment for her denial of cable television claim.  Merely changing the legal basis for her claim, without supporting facts, is not sufficient to make it viable.  Plaintiff contends that CDCR provides cable television to Central California Women's Facility ("CCWF") inmates in the "SNF"[1] and on death row but not to general population units, and that doing so violates the Equal Protection Clause.  (ECF No. 26 at 2.)  But Plaintiff does not plead, and the Court is unaware of any authority holding, that a general inmate population is a protected class under the Equal Protection Clause.  Accordingly, an equal protection theory is not viable based on Plaintiff's general population status.

Plaintiff also asserts, as she did in her prior filings, that CCWF inmates are treated differently than male CDCR inmates with regards to TV access.  (*Id*.)  She offers, however, only conclusory assertions as to male inmates' access to cable TV and pleads no facts showing that any defendant "acted with an intent or purpose to discriminate against [her] based upon membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (internal quotation marks and citation omitted).

As to her proposed Fifth Amendment claim, Plaintiff does not plead that any property of hers was taken, such that the Fifth Amendment's Takings Clause would be implicated.  Moreover, it is well established that a Fifth Amendment action based on deprivation of property is barred because California provides state prisoners adequate post-deprivation remedies through the Government Claims Act.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that neither negligent nor intentional deprivations of a prisoner's property constitute due process violations when post-deprivation remedies are available); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (holding that California's Government Claims Act is an adequate post-deprivation remedy).

///

///

---

[1] Plaintiff does not define this term, but the Court infers that she is referring to the Special Needs Facility.

3

Plaintiff's proposed amendments do not set forth viable claims that warrant further leave to amend. Additionally, the Court has already permitted her an opportunity to amend, and she failed to cure the deficiencies in her pleadings.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The amended findings and recommendations issued on March 27, 2023, (ECF No. 23), are adopted in full;
2. Plaintiff's first amended complaint is dismissed;
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     September 25, 2023

UNITED STATES DISTRICT JUDGE